*689 OPINION.
Teussell :
The law in respect to the charge-off or write-down of debts in the year 1921, as found in section 234 (a) (5) of the Revenue Act of 1921, is as follows:
Debts ascertained to be worthless and charged oft within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged oil in part * * *.
*690 There ,is no dispute in the case at bar with respect to the law, which is applicable nor with respect to the fact that a part of the debt was charged off in 1921. The issue is whether in 1921 the debt was worthless in part.
On the last of November, 1921, the Arango Co. was indebted to petitioner on direct and indirect obligations in the amount of $141,-713.23 and at that time it became bankrupt. During the month of December the petitioner’s directors had the matter under consideration and in the exercise of their reasonable business prudence and judgment ascertained that the debt was then worthless to the extent of $30,073.23, which was charged off. The facts of record sustain their judgment.
The obligations of the Casa del Key Co. amounted to $32,500 and in December, 1921, petitioner charged off $17,500 as worthless. Subsequent events occurring in 1922 showed that petitioner could not recover any part of the $32,500.
The obligations of H. M. Lott amounted to $15,340 and in December, 1921, petitioner charged off $8,200 as worthless. Petitioner recovered from Lott about $5,655.34 in cash. The record discloses some testimony to the effect that in 1922 Lott agreed to pay petitioner $8,200 in addition to the said cash payment, but the testimony is not clear on that point. Plowever, it is definitely established that the total amount recovered up to the date of the hearing was $32,998.20 received from the bankruptcy court, H. M. Lott, and W. J. Seidenberg & Co.
The Arango Co. had direct obligations to petitioner amounting to $68,500 on account of loans and $4,373.23 resulting from an overdraft and it also had indirect obligations on the various trade acceptances. In December, 1921, petitioner charged off $4,373.23 of the Arango Co.’s obligations which were guaranteed up to $100,000 by Francisco Arango, personally. The only security he could give petitioner was a mortgage on property in Havana, Cuba, which mortgage constituted very uncertain security due to the conditions then prevailing in Cuba. The most that petitioner could look forward to was the hope that Arango would get back in business and pay off the debt. Over a period of years petitioner has received from Arango $43,000 and there still remains an unpaid balance of $57,000.
In view of all the facts and circumstances here detailed, we are of the opinion that the directors of the petitioner bank were fully justified in their conclusions reached in 1921 that out of the $141,-713.23 indebtedness, at least $30,073.23 was worthless. Furthermore, we are of the opinion that the deduction of that amount agreed upon by petitioner’s directors in the exercise of prudent business judg *691 ment should be allowed as a deduction from gross income for the year 1921, which is in accord with both the letter and spirit of section 234 (a) (5) of the Revenue Act of 1921, and Treasury Department Regulations 62, articles 151 to 155, inclusive, made in respect thereto. Cf. Egan & Hausman Co., 1 B. T. A. 556.
Upon the recomputation of the taxes for the years 1919, 1920, and 1921, proper adjustments should be made in accordance with the stipulations set forth in the findings of fact and the decision herein with respect to the deduction of $30,073.23 charged off as worthless debts in the year 1921.

Judgment will l>e entered pursuant to Bule 50.